**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZOOM VIDEO COMMUNICATIONS, INC.,

        Plaintiff-counter-
        defendant-Appellee,

v.

RINGCENTRAL, INC.,

        Defendant-counter-claimant-
        Appellant.

No.   21-15792

D.C. No. 5:21-cv-01727-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted October 7, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

      RingCentral, Inc. (RingCentral) appeals the district court's denial of a

preliminary injunction against Zoom Video Communications, Inc. (Zoom) arising

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

out of an agreement between the companies. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We review the denial of a preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court abuses its discretion when its decision is based on "an erroneous legal standard or clearly erroneous finding of fact." *Id.* (citations omitted). To obtain a preliminary injunction, the moving party must "make a showing on all four prongs" of the preliminary injunction test: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the requested relief; (3) a balance of hardships that tips in the movant's favor; and (4) a public interest in the issuance of an injunction. *Id.* at 1135. In our Circuit, where a party is unable to show a likelihood of success on the merits but can at least demonstrate that there are serious questions going to the merits, we may grant preliminary injunctive relief so long as the balance of hardships tips *sharply* in favor of the movant and there is a showing on the other two elements. *See id.*

The district court concluded "neither party ha[d] shown a likelihood of success on the merits[,] but only serious questions on the merits." Under California law, a contract is to be interpreted by looking at the "whole of [the] contract . . . so as to give effect to every part." Cal. Civ. Code § 1641. Both

2

parties offer plausible constructions of their agreement, interpreting it as a whole. The district court also indicated that it had not favored one party's interpretation over the other at least in part because the case presented "serious factual questions." The existing record suggests that the contractual provisions at issue may be, in fact, ambiguous, and that determining their correct construction may require extrinsic evidence. *See Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006) ("An ambiguity arises when language is reasonably susceptible of more than one application to material facts.").

Given these circumstances, the district court was entitled to defer determination of this disputed question until further development of the record at trial. *See Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) ("In deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." (citations and internal quotation marks omitted)).

The district court also concluded that even if RingCentral had established it would suffer irreparable harm, a preliminary injunction would not be warranted because the balance of hardships did not sharply tip in RingCentral's favor. Given the record before it, the district court did not abuse its discretion in making this

determination.  Nor did it abuse its discretion in concluding that the public interest was not implicated in a commercial dispute.

In sum, given our very deferential standard of review of preliminary injunction orders, we conclude that the district court did not abuse its discretion in denying the preliminary injunction motion and directing that the case proceed to trial.  We need not—and do not—reach any other issue urged by the parties, nor do we express any view as to the merits of the disputed contractual issues.


**AFFIRMED.**